UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| QUALITY ASSOCIATES, INC., | : | Case No. 1:18-cv-75 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| THE PROCTOR & GAMBLE DISTRIBUTING, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DOC. 27); AND (2) DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS (DOC. 24)**

This civil case is before the Court on the renewed motion to dismiss the complaint (Doc. 24) by Defendants The Procter and Gamble Distributing, LLC ("P&G"), Yannis Skoufalos, Patrick Paolino, Elizabeth Radke, and Michelle Eggers (collectively, "Defendants"), and the parties' responsive briefing (Docs. 29, 30).  Also before the Court is a motion for leave to amend the complaint (Doc. 27) by Plaintiff Quality Associates, Inc. ("QAI"), and the parties' responsive briefing (Docs. 31, 32).

**I.  BACKGROUND**

The underlying facts in this matter are thoroughly recorded in the Orders of this Court (Doc. 17) and the Sixth Circuit Court of Appeals, *Quality Assocs., Inc. v. The Procter & Gamble Distrib. LLC*, 949 F.3d 283 (6th Cir. 2020).  Briefly stated, QAI sued Defendants under 42 U.S.C. § 1981 alleging Defendants terminated their contract with QAI in a racially discriminatory manner.  While QAI was a plaintiff in federal court, it

was defending a suit against P&G in state court related to the same terminated contract. This Court dismissed the federal case relying on P&G's argument that the § 1981 claim was a compulsory counterclaim that Plaintiff was obligated to assert in the concurrent state court litigation. The Court expressly declined to consider Defendants' second argument for dismissal that Plaintiffs had released their § 1981 claim when they signed the agreement terminating their business relationship with P&G ("the Termination Agreement"). (Doc. 17 n.5-6)

On February 10, 2020, the Sixth Circuit reversed this Court's dismissal. *Quality Assocs., Inc.*, 949 F.3d at 283. The opinion instructs this Court to consider the "entirely independent issue of waiver and release." (Doc. 22). On remand, Defendant immediately filed a new motion to dismiss. (Doc. 24). Plaintiff responded (Doc. 29), but also filed a motion for leave to amend the complaint, (Doc. 27). The parties have presented responsive briefing on the motion to dismiss (Docs. 29, 30), and the motion for leave to amend, (Docs.31, 32). The state court litigation remains ongoing though discovery has now concluded.[1]

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 15(a), "leave to amend a pleading shall be freely given when justice so requires." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir.

---

[1] *See Procter & Gamble Distrib. LLC v. Quality Assocs., Inc.*, No. A-17-00465 (Hamilton Cty. Court of Common Pleas), available at https://www.courtclerk.org/data/case_summary.php?sec=history&casenumber=A+1700465&court%5BCCV%5D=on&court%5BCCR%5D=on&court%5BMCV%5D=on&court%5BMCR%5D=on&court%5BCDR%5D=on&court%5BCOA%5D=on&submit.x=22&submit.y=19 (last accessed March 15, 2021).

2

1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987). In deciding a party's motion for leave to amend, the Court of Appeals for the Sixth Circuit has instructed that district courts must consider several elements, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments . . . ." *Coe, 161 F.3d at 341.* In the absence of any of these findings, leave should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Ultimately, determination of whether justice requires the amendment is entrusted to the sound discretion of a district court. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

### III. ANALYSIS

Plaintiff primarily seeks to amend its complaint to add specificity to the existing claim that P&G forced it to sell its business operations and that Plaintiff entered the Termination Agreement under duress. But, in general, the Court finds that the proposed amended complaint ("PAC") contains more detail across the board. It paints a picture, lacking from the first complaint, of a company symbiotically dependent on P&G and entirely at its mercy. The PAC also adds a claim for discrimination against Plaintiff related to the allegedly forced sales of its business locations. In the Court's view, these are important and substantial amendments.

3

P&G argues that Plaintiff has not been diligent; that it should have made these additions at some point earlier in the two years between the initial complaint and the PAC. It is true two years elapsed between the initial complaint and the PAC. But mere delay is seldom enough to deny leave to amend. *See Tefft v. Seward*, 689 F.2d 637 (6th Cir.1982). To justify denial, the delay must be undue and result in some prejudice to defendant. *Id.* Here, the delay can hardly be attributed to Plaintiff. Plaintiff is right to point out that most of that two years was spent waiting on courts to do their business. And though this case has progressed slowly, it has not progressed far. This case is still in the pleading stage. Defendants cannot plausibly claim they will be prejudiced when discovery has not even commenced. *See Janikowski v. Bendix Corp.*, 823 F.2d 945, 952 (6th Cir. 1987).

On the other hand, a lot happened in that two years between the complaint and the PAC; developments that may provide Plaintiff the details to make its complaint more definite. For starters, the parallel state court litigation has carried on. When Plaintiff filed the PAC, it had the benefit of limited discovery from that case. That fact is even more true today now that parties have taken depositions in the state case. Furthermore, Plaintiff has now had a greater opportunity to observe P&G's operations without QAI as a supplier, which may sharpen Plaintiff's claims that P&G's actions were racially motivated. These enhancements redound to the benefit of the litigation process.

Defendants next argue that amendment would be futile. They assert that Plaintiff released its claims when it signed the Termination Agreement. But that argument ignores that the PAC *challenges the validity of the Termination Agreement.* From the start,

4

Plaintiff has argued that the Termination Agreement was executed under duress. The PAC's new facts related to the relationship and relative bargaining strength of the parties are material to those allegations. *See St. v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989).

Defendants also contend that it would be futile for QAI to allege that it executed the Termination Agreement under duress while simultaneously arguing for its enforcement in the state court matter. Not so. Plaintiff is free to make arguments in the alternative. Plaintiff may argue that the Termination Agreement is void and, *in the alternative*, still seek enforcement of whatever provisions benefit Plaintiff. Defendants' contention ignores the possibility that the Court could, hypothetically, find parts of the agreement are void and severable under Ohio law, in which case Plaintiff could comfortably advocate for enforcement of one provision and invalidity of another. *See In re United Air Lines, Inc.*, 453 F.3d 463, 467 (7th Cir. 2006).

Finally, Defendants assert that the new cause of action in the PAC is also futile because it is facially implausible and would not survive a motion to dismiss. They cite the familiar *Twombly* standard. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Court will not accept the parties' invitation to fully assess the sufficiency of the PAC on this Rule <u>15</u> motion. *Ewalt v. GateHouse Media Ohio Holdings II, Inc.*, No. 2:19-CV-4262, 2022 WL 682668, at *3 (S.D. Ohio Mar. 8, 2022) ("It is "the better exercise of discretion to permit the amendment and allow Defendant to address the sufficiency of the pleadings in a dispositive motion before the District Judge."). Here and now, the Court cannot find Plaintiff's new cause of action futile.

On a motion for leave to amend, the Court "is charged with determining whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015); *Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 323 (S.D. Ohio 2002) ("A court will not ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous"). The new cause of action alleges that P&G forced Plaintiff to sell its assets and surrender its property on unfavorable terms. According to the PAC, Plaintiff was entirely dependent on P&G for business to the point where Plaintiff had no choice but to accept P&G's demands or else risk going unpaid, losing more business, and suffering further racially discriminatory treatment. Based on the facts alleged in the PAC, this claim is not frivolous nor obviously futile.

## IV. CONCLUSION

Based upon the foregoing:

Plaintiff's motion to amend the complaint (Doc. 27) is **GRANTED**. Plaintiff shall file an amended complaint within 14 days of this Order; and,

Defendants' motion to dismiss the complaint (Doc. 24) is **DENIED** as moot.

**IT IS SO ORDERED.**

Date: 3/16/2022

*s/Timothy S. Black*
Timothy S. Black
United States District Judge